IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| ALLIANCE FUNDING GROUP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| TORCHLIGHT ACADEMY SCHOOLS, | ) |
| LLC, and DONNIE MCQUEEN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## VERIFIED COMPLAINT

Plaintiff Alliance Funding Group, by and through its undersigned counsel, and in support of its Verified Complaint against Torchlight Academy Schools, LLC and Donnie McQueen alleges the following:

## PARTIES

1. Plaintiff Alliance Funding Group ("AFG") is a California corporation with its principal place of business in California.

2. Defendant Torchlight Academy Schools, LLC ("Torchlight") is a North Carolina corporation with its principal place of business located at 105 Star Street, Raleigh, NC 27610.

3. Torchlight may be served with process through its Registered Agent, Donnie McQueen, at 105 Star Street, Raleigh, NC 27610.

4. Defendant Donnie McQueen ("McQueen") is a citizen and resident of North Carolina who may be served at 5026 Red Cedar Road, Raleigh, NC 27604.

1

## VENUE AND JURISDICTION

### *Complete Diversity and Amount in Controversy*

5. AFG is a California corporation with its principal place of business in California.

6. Torchlight is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

7. Mr. McQueen is a North Carolina resident with a home address in Raleigh, North Carolina.

8. A corporation is a citizen of every state in which it has been incorporated or where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332.

10. Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

### *Venue*

11. Venue is proper in the Eastern District of North Carolina, Raleigh Division, because pursuant to 28 U.S.C. § 1391, this is the judicial district in which both Torchlight is located, Mr. McQueen resides, and where the Collateral (defined below) is located.

## FACTS

12. On or about January 18, 2022, Torchlight, the borrower, entered into an Equipment Lease Agreement No. 22-15192 with AFG, the lender (the "ELA"). ELA 22-15192 is attached hereto as **Exhibit 1.**

13. The amount financed was $140,549.00. *See* Exhibit 1.

14. The purpose of the ELA was to purchase equipment for use in Torchlight's business, specifically that equipment identified in Exhibit A of the ELA to include vehicles purchased from Lap of Luxury Motors, Inc. and Town & Country Sales. (collectively, the "Collateral"). *See* Exhibit 1.

15. To induce AFG to enter into the ELA, on December 15, 2021, Mr. McQueen executed a Guaranty of the ELA, whereby he unconditionally guaranteed Torchlight's payment and performance obligations under the ELA. A copy of the Individual Guaranty is attached as **Exhibit 2.**

16. Mr. McQueen personally guaranteed the ELA. *See* Exhibit 1.

17. Torchlight granted a security interest in the Collateral to AFG in accordance with the Uniform Commercial Code. On December 22, 2021, AFG perfected its security interest and filed a UCC Financing Statement for the ELA and the Collateral. UCC Financing Statement is attached hereto as **Exhibit 3.**

18. The Collateral was delivered to, and accepted by, Torchlight. The Delivery and Acceptance Certificate is attached hereto as **Exhibit 4.**

19. Despite receiving the Collateral, Torchlight has failed to make all payments as required under the terms of the ELA.

20. The loan governed by the ELA is now in Default.

21. Neither Mr. McQueen, nor Torchlight, have cured the Default.

22. Mr. McQueen is not subject to the protections offered to the Servicemembers Civil Relief Act. Status Report Pursuant to Servicemembers Civil Relief Act is attached hereto as **Exhibit 5.**

23. Pursuant to the terms of the ELA, if Torchlight fails to pay its obligations when due, or breaks any promises, representations, or covenants under the Lease, AFG can require that Defendants return the Collateral to AFG and pay the remaining balance of all of the rent due under the Lease, discounted to present value at five percent, together with any other amounts under the Lease. *See* Exhibit 1.

24. Under the terms of the ELA, Torchlight is obligated to reimburse AFG for all costs incurred in enforcing its rights under the ELA, including accruing interest, attorneys' fees, repossession, and court costs. *See* Exhibit 1.

25. Mr. McQueen, as the guarantor of the ELA, is subject to the same repayment and cost obligations as Torchlight. *See* Exhibit 2.

26. AFG has applied to Torchlight's account all payments and credits to which it is currently entitled.

27. The current, outstanding balance of the loan governed by the ELA is $218,661.86, which does not include attorneys' fees or post-judgment interest.

28. The ELA and applicable law provide that, upon default, AFG may take possession of the Collateral.

29. Despite AFG's entitlement to the Collateral, Torchlight has been unresponsive to AFG's attempt to communicate about the repossession of the Collateral.

30. To date, AFG has been unable to locate the Collateral.

## COUNT I
## BREACH OF CONTRACT (ELA)

31. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

32. AFG and Torchlight executed the ELA, which is a valid contract and a legally enforceable obligation.

33. Torchlight breached its obligations to AFG by failing to make all payments required under the ELA.

34. AFG has been damaged by Torchlight's breach of its obligations.

35. AFG has been damaged in the amount of $218,661.86, plus costs and expenses, and attorneys' fees.

## COUNT II
## PERSONAL GUARANTY (ELA)

36. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

37. Donnie McQueen executed a personal guaranty, making personal and unconditional guarantees for prompt payment and performance of each and every debt, liability, and obligation in the ELA.

38. The ELA is in Default.

39. Therefore, AFG is entitled to recovery judgment against Donnie McQueen personally for the full amount due under the ELA including pre-judgment interest, post judgment interest, collections costs, attorneys' fees, expenses, and the costs of this action.

## COUNT III
## REPOSSESSION OF COLLATERAL

40. The allegations of the foregoing paragraphs are incorporated herein by reference as if specifically re-alleged herein.

41. AFG has a perfected security interest in the Collateral.

42. The equipment purchased for Defendants with the proceeds of the ELA, as detailed in Exhibit A to the ELA, is personal property.

43. Under the terms of the ELA, AFG is entitled to immediate possession of the Collateral upon an occurrence of default.

44. Torchlight failed to make payments under the terms of the ELA.

45. The ELA is in default.

46. Upon information and belief, the Collateral has not been taken for any tax, assessment, or fine pursuant to statute, nor has it been seized under an execution of attachment against the Collateral.

47. Pursuant to N.C.G.S.A. § 1-230, AFG is entitled to have the Collateral repossessed and placed in its possession, or in the possession of one of its agents or assigns, to be disposed of and the proceeds derived therefrom applied to the balance due.

48. Should possession be granted to AFG, it is entitled to collect from the Defendants any deficiency that remains due and owing under the ELA following a sale, plus costs incurred and reasonable attorney's fees as provided by the ELA documents and applicable law.

49. Likewise should possession be granted to AFG, it would request a Show Cause Order, requiring the Defendants present to this Court the location of the Collateral or otherwise present the Collateral to AFG for repossession.

WHEREFORE, AFG respectfully requests that this Court enter an order providing:

1. That a judgment be entered against Defendants in the amount due and owing under the terms of the ELA, $218,661.86, plus accruing interest, post judgment interest, collection costs, attorneys' fees and the costs of this action;

6

Case 5:23-cv-00074-M-BM    Document 1    Filed 02/15/23    Page 6 of 8

2. That AFG recover its reasonable attorneys' fees from Defendants pursuant to the terms of the ELA and N.C.G.S.A. § 6-21.2, or other applicable law in the amount to be determined at the time of entry of judgment;

3. That the Court grant possession of the Collateral to AFG;

4. That the Court issue a Show Cause Order to Defendants requiring the Defendants to provide the location of the Collateral, or otherwise present the Collateral to AFG for repossession;

5. That the Court award the costs of this action to AFG;

6. That the Court award pre and post judgment interest;

7. That AFG have and recover such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *R. Andrew Hutchinson*
R. Andrew Hutchinson, N.C. Bar# 46764
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
Johnson City, TN 37604
Phone: (423) 928-0181
Fax: (423) 928-5694
dhutchinson@bakerdonelson.com

*Attorney for Plaintiff Alliance Funding Group*

# VERIFICATION

STATE OF New Hampshire )
)
COUNTY OF Rockingham )

The undersigned, Shaun Buswell, being first duly sworn, deposes and says that he/she is a Vice President, of Alliance Funding Group, an Attorney-In-Fact for Alliance Funding Group, the plaintiff in this action; that as such he/she has personal knowledge of the business and is authorized to make this oath and verification; that he/she has read the foregoing Verified Complaint and the same is true and correct of his/her own personal knowledge or from information provided to him/her by employees or agents of the plaintiff, except as to those allegations made upon information and belief, and as to those allegations she believes them to be true.

Date: 2/13/23

**Alliance Funding Group**

By: _[signature]_
Name: Shaun Buswell
Title: VP

STATE OF New Hampshire )
)
COUNTY OF Rockingham )

I, Brian Knox, a Notary Public of N/A ~~County in~~ the State of New Hampshire, do hereby certify that Shaun Buswell (the Signatory), personally appeared before me this day, by authority duly give, and acknowledged the due execute of the foregoing instrument on behalf of Alliance Funding Group as Attorney-In-Fact.

WITNESS my hand and notary seal the date above written.

_[signature]_
Notary Public

My commission expires: 4/6/27

[Notary Seal: BRIAN J. KNOX, STATE OF NEW HAMPSHIRE, MY COMMISSION EXPIRES APRIL 6, 2027, NOTARY PUBLIC]