IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| ALLIANCE FUNDING GROUP | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:23-cv-00074-M-BM |
| TORCHLIGHT ACADEMY SCHOOLS, LLC, and DONNIE MCQUEEN, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES IN SEEKING DEFAULT**

COMES Alliance Funding Group ("Plaintiff") for its Memorandum in Support of its request for an award of reasonable attorneys' fees requested in its Motion for Default Judgment and states as follows:

1. Plaintiff reincorporates by reference all facts and argument submitted in its Complaint, Motion for Default Judgment, and Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (ECF Nos. 1, 10, and 11).

2. This Honorable Court requested briefing on North Carolina state statutory provisions allowing attorneys' fees in this case and an explanation of the undersigned's reasonable attorneys' fees (ECF No. 17).

**Statutory Authority to Allow Attorneys' Fees in this Matter**

3. North Carolina state courts have explained a general rule: "Even in the face of a carefully drafted contractual provision indemnifying a party for such attorneys' fees as may be necessitated by a successful action on the contract itself, our courts have consistently refused to

sustain such an award absent statutory authority therefor." *Stillwell Enters., Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (N.C. 1980).

4. A key statutory exception to this general rule is found at Section 6-21.2 of the North Carolina General Statutes, allowing enforcement of attorneys' fee provisions in notes, conditional sale contracts, and other evidence of indebtedness. *See* N.C. Gen. Stat. Ann. § 6-21.2; *see also RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 372, 432 S.E.2d 394, 397 (N.C. Ct. App. 1993).

5. A promissory note containing an attorneys' fee provision falls under N.C. Gen. Stat. Ann. § 6-21.2. *See, e.g.*, *Trull v. Cent. Carolina Bank & Tr.*, 124 N.C. App. 486, 491 (1996); *see also Stillwell Enterprises*, 300 N.C. at 294 (holding the term "evidence of indebtedness as used in G.S. 6–21.2 has reference to any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money" (internal quotations omitted)).

6. A guaranty agreement containing an attorneys' fee provision also falls under the statutory exception as "evidence of indebtedness." *See* N.C. Gen. Stat. Ann. § 6-21-.2; *FNB Southeast v. Lane*, 160 N.C. App. 535, 541, 586 S.E.2d 530, 534 (N.C. Ct. App. 2003) (explaining that a guaranty was a legally enforceable obligation to pay money and constituted evidence of indebtedness under N.C. Gen. Stat. Ann. § 6-21.2).

7. When an obligation to pay attorneys' fees appearing in a note, condition sale contract, or other evidence of indebtedness meets the requirements of N.C. Gen. Stat. Ann. § 6-21.2, the court should not disallow a motion for attorneys' fees. *See Kindred of North Carolina, Inc. v. Bond*, 160 N.C. App. 90, 104-05, 584 S.E.2d 846, 855 (N.C. Ct. App. 2003) (holding that

the trial court committed error by denying defendants' motion for attorneys' fees based on a promissory note).[1]

8. This litigation arises from a breach of an Equipment Lease Agreement by Defendant Torchlight Academy Schools, LLC with Plaintiff. *See* Equipment Lease Agreement, Exhibit 1 to the Complaint (ECF No. 1). As part of the Equipment Lease Agreement, Torchlight granted a security interest in the equipment collateral to Plaintiff which was recorded. *Id.* Defendant Torchlight agreed in the Equipment Lease Agreement that it would "reimburse all expenses you incur in enforcing your rights against Lessee or me, including, without limitation attorney's fees and costs." *Id.* Paragraph 13 further states that "[y]ou agree to reimburse us for all charges, costs, expenses and attorney's fees that we have to pay to enforce this Lease or collect the Obligations under this Lease and in any lawsuit or other legal proceeding which we are required to bring or defend because of your default. You also agree that in the event of a dispute related to or arising out of this Lease, the Lessor in such dispute shall be entitled to recover its reasonable attorney's fees and costs. If we have to take possession of the Equipment, you agree to pay the cost of repossession, storing, shipping, repairing and selling the Equipment." *Id.* This Agreement was signed by Plaintiff and Don McQueen, on behalf of Torchlight Academy Schools, LLC.

9. Defendant McQueen also personally guaranteed the Equipment Lease Agreement. *See* Exhibit 2 to the Complaint (ECF No. 1). Therein, Defendant McQueen "unconditionally

---

[1] A court has discretion to award attorneys' fees under N.C. Gen. Stat. Ann. § 6-21.6(b) only when all parties agree to a reciprocal attorneys' fees provision. This is not the case here, and N.C. Gen. Stat. Ann. § 6-21.6 is not applicable to this case. The Equipment Lease Agreement, while a business contract signed by both the creditor and debtor, does not apply to payment of attorneys' fees by Plaintiff and is not a contract allowing for reciprocal attorneys' fees. *See* N.C. Gen. Stat. Ann. § 6-21.6(a)(1). Instead, the obligations in the Equipment Lease Agreement and the guaranty agreement to pay attorneys' fees is unilateral, only applying to the debtor. N.C. Gen. Stat. Ann. § 6-21.6 allows the trial judge to grant an award of reasonable attorneys' fees—a determination based on some or all relevant factors, including, but not limited to, the amount in controversy, the reasonableness of the time and labor expended, the billing rates charged, the terms of the business contract, *etc.* N.C. Gen. Stat. Ann. § 6-21.6(c). There is no case law indicating that these reasonableness factors must be applied to application of N.C. Gen. Stat. Ann. § 6-21.2, however.

3

Case 5:23-cv-00074-M-BM   Document 18   Filed 08/11/23   Page 3 of 7

promises to pay to Lessor, in lawful money of the United States, all sums at any time due and unpaid under the Lease, plus costs of collection, including reasonable attorneys' fees with or without trial, and upon appeal and review." *Id*.

10. The Equipment Lease Agreement and the personal guaranties are promises to pay such that they are both notes and "evidence of indebtedness" that allow for recovery of attorneys' fees. N.C. Gen. Stat. Ann. § 6-21.2 applies as a result.

**Reasonableness of Attorneys' Fees in this Matter**

11. Plaintiff's requested attorneys' fees are reasonable, and this Court should grant same.

12. N.C. Gen. Stat. Ann. § 6-21.2 formulates a reasonable allowance of fees up to fifteen percentage. *See* N.C. Gen. Stat. Ann. § 6-21.2.

13. Where a contract provides for reasonable attorneys' fees without further specifying a fee amount or percentage, the contracts are "subject to the provisions in G.S. 6-21.2 subsection (2), . . . [which] has predetermined that 15% is a reasonable amount." *Trull*, 124 N.C. App. at 491 (explaining that the court did not err by calculating the fee awarded in accordance with the statutory mandate when no percentage was articulated in the contract). Characterizing the fifteen percent fee as a "statutory mandate," the North Carolina Court of Appeals has further held that the fifteen percent fee is required even where it exceeds the actual attorneys' fees incurred by the creditor. *Id.* (rejecting an argument that such a fee amounts to a windfall).

14. The term "outstanding balance" means the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt. *See* N.C. Gen. Stat. Ann. § 6-21.2(4). "Suit" is not necessarily the underlying action in which the judge is making the fee award:

> Mindful of . . . the infinite variety of activities which attorneys may engage in to bring a case to successful settlement or verdict, we believe that when other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may properly be awarded under G.S. 6-21. 2. Nothing prohibits such an interpretation; the statute merely allows attorneys' fees "upon any note" "collected by or through an attorney at law." The General Assembly did not limit those fees solely to those incurred directly in the prosecution of the action on the note. In fact, it recognized that in some cases "ancillary claims" would be necessary, without in any way barring attorneys' fees incurred in pursuing such claims.

*Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 227-28 (N.C. Ct. App. 1984).

15. Both the Equipment Lease Agreement and the personal guaranty in this case are silent as to the amount of recoverable attorneys' fees under the agreements, allowing for an automatic default of a fifteen (15) percent amount of the outstanding balance. The outstanding balance was $218,661.86 as of filing this suit. Under N.C. Gen. Stat. Ann. § 6-21.2, Plaintiff is entitled to 15% of same, or $32,799.28.

16. Based on the statutory presumption of correctness, an analysis of the *Johnson/Barber* factors are not necessary. *See Trull*, 124 N.C. App. at 491 (illustrating the court presumed the percentage to be fifteen percent rather than apply a reasonableness test based on any factors outside of N.C. Gen. Stat. Ann. § 6-21.2).

17. Irrespective of the above, the attorneys' fees in this litigation are reasonable considering the large outstanding balance owed on the Equipment Lease Agreement and the corresponding personal guaranty. In fact, the requested attorneys' fees and costs ($4,791.50) equate to just over two (2) percent of the entire outstanding balance (versus the mandatory fifteen percent under N.C. Gen. Stat. Ann. § 6-21.2).

18. Additionally, this file was primarily staffed with Mr. R. Andrew Hutchinson, a shareholder with extensive experience with a rate of $440, a shareholder who assists in managing the client with a rate of $440, an associate with a rate of $315, and a paralegal with a rate of $175. Mr. Hutchinson billed 1.2 hours on this matter, the additional shareholder billed .7 hours, the associate billed 7.9 hours, and the paralegal billed 6.2 hours. This includes drafting, revising, and finalizing the Verified Complaint and its corresponding exhibits and seeking the default—actions allowable under both the Equipment Lease Agreement and the personal guaranty.[2]

19. An award of attorneys' fees is statutorily allowed in this matter and should be awarded at 15% of the outstanding balance due on the contract, or $32,799.28. N.C. Gen. Stat. Ann. § 6-21.2(1), (2). Alternatively, Plaintiff is willing to accept its originally requested attorneys' fees in the amount of $4,791.50.

---

[2] While Mr. Hutchinson's affidavit includes fees and costs for a possible hearing and seeking to enforce the judgment and repossess the collateral, this is boilerplate language that allows for additional costs and fees for ancillary litigation. To date, no fees have been billed for these activities.

Respectfully Submitted,

/s/ *R. Andrew Hutchinson*
R. Andrew Hutchinson, N.C. Bar# 46764
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
Johnson City, TN 37604
Phone: (423) 928-0181
Fax: (423) 928-5694
dhutchinson@bakerdonelson.com

*Plaintiff Alliance Funding Group*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IN SEEKING DEFAULT has been duly served by the Court's CM/ECF system on all counsel of record and the parties who may access this filing through that system.

This the 11th day of August 2023.

/s/ R. Andrew Hutchinson
R. Andrew Hutchinson, N.C. Bar# 46764
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
Johnson City, TN 37604
Phone: (423) 928-0181
Fax: (423) 928-5694
dhutchinson@bakerdonelson.com

*Plaintiff Alliance Funding Group*